José Aguedo Boscana, Petitioner and Appellant, *v.* Guillermo Vivas Valdivieso, Mayor of Ponce, Respondent and Appellee.

No. 4746.   Argued January 29, 1929.—Decided May 31, 1929.

*Leopoldo Tormes* for the appellant.   *F. B. Fornaris* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

José Aguedo Boscana in the District Court of Ponce made application for a writ of certiorari against the mayor of that city, Guillermo Vivas Valdivieso. At least the latter is named as defendant in the petition. The object of the writ was to prevent an auction sale to take place in the mayor's office in virtue of a resolution (*sic*) of the said mayor ordering *an auction for the construction* of a causeway of reenforced concrete. When the petition was presented to the District Court of Ponce the latter refused to issue the writ. The mayor of Ponce consequently never appeared or defended in the suit. From the order of the court refusing to issue the writ the then petitioner appealed. This appeal was noticed to the mayor. Counsel, purporting to represent the mayor, certified to the correctness of the transcript. Neither of the parties appeared at the hearing of this case and the mayor, as alleged appellee, has filed no brief.

At first we were somewhat inclined to think that counsel for the mayor had a duty to appear and defend in this cause, but we have finally decided that the duty, if any, was not a strong one.

In the first place we question the jurisdiction of this court as there was no controversy in the court below. The mayor was never made a party and an appeal presupposes an issue between two parties. The possible proper way was to have

applied to this court for an order *qua mandamus* compelling the district court to take jurisdiction. Certain it is that a person ought not to be made to defend in an appellate court when he was never before the trial court. We have the idea that refusal to issue writs of certiorari, like refusal to issue writs of habeas corpus is not reviewable.

In any event, the appellant has not satisfied us that the court should have issued the writ of certiorari, either classical or otherwise. This was not an attempt directly to impugn by virtue of section 65 of the Municipal Law the action of a municipal assembly.

Under the circumstances, while we might affirm the judgment, we have decided to dismiss the appeal.